John G. Hanlin (SBN: 104502)
HANLIN, WANG, KOSTMAYER & ASSOCIATES
875 Mahler Road, Suite 168
San Francisco, CA 94010
Tel: (650) 652-5668
Fax: (650) 652-6558
E-mail: johnhanlinlaw@yahoo.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOSE RAMON R. VALENCIANO, an individual, and JOHANNA D. VALENCIANO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and DOES 1 THROUGH 25<br><br>Defendants. | CASE NO: C 07 0845<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983);**<br>2. **CALIFORNIA CONSTITUION (Article 1, Section 19);**<br>3. **INVERSE CONDEMNATION;**<br>4. **NUISANCE;**<br>5. **NEGLIGENCE; AND**<br>6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br><br>(DEMAND FOR JURY TRIAL) |

## I. INTRODUCTION

1.    In this action, plaintiffs JOSE RAMON R. VALENCIANO and JOHANNA D. VALENCIANO (hereinafter referred to as "Plaintiffs") seek monetary damages against defendants THE CITY AND COUNTY OF SAN FRANCISCO and DOES 1 through 25, inclusive, (hereinafter referred to collectively as "Defendants") for their wrongful and tortuous

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1

conduct and actions in violation of federal and state laws.  A jury trial is requested as an action under Section 1983 is an "action at law" within the meaning of the Seventh Amendment right to jury trial.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1331 in that the claims alleged herein arise under the laws of the United States. Jurisdiction is also conferred upon this Court pursuant to 42 U.S.C. Section 1983.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear and determine Plaintiffs' state law claims because the state law claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article V of the United States Constitution.

3. Venue is proper under 28 U.S.C. Section 1391 in that the claims alleged herein arose within this District.

## III. INTRADISTRICT ASSIGNMENT

4. This action is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California because the claims as alleged herein arose within the City and County of San Francisco, California.

## IV. THE PARTIES

5. Plaintiffs are informed and believe that defendant City and County of San Francisco ("CCSF") is a municipal corporation and a political subdivision of the State of California with the capacity to sue and be sued.  Defendant CCSF includes the San Francisco

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

2

Department of Parking & Traffic, San Francisco Municipal Railway and MUNI Street Supervision Department, all of which are divisions of the Municipal Transportation Agency.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 25, inclusive, are unknown to Plaintiffs, whom therefore sues said defendants by such fictitious names. Plaintiffs are informed and believe, and on that basis allege, that each of the defendants designated herein as a DOE defendant is legally responsible in some manner for the acts, conduct, occurrences, events, happenings, and damages herein referred to, and directly and proximately caused or contributed to the injuries and damages of Plaintiffs as alleged herein.

7. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times herein mentioned, each of the defendants in doing the things alleged herein, was acting within the course and scope of his or her agency, employment and representation and with the knowledge, ratification and consent of each of the other defendants and that each and every defendant is jointly and severally responsible and liable to Plaintiffs for Plaintiffs' damages herein alleged.

8. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the Defendants are public agencies with the power of eminent domain to acquire real property or real property rights for public use or by their acts and conduct have so interfered with Plaintiffs' property rights so as entitled Plaintiffs to compensation.

## V. FACTS

9. Plaintiffs are now, and at all times mentioned in this complaint were, the owners of the property in San Francisco County, California, which is commonly known as 935 Ulloa Street, San Francisco, California 94127, hereinafter referred to as the "Subject Property."

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983);
CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

3

Plaintiffs have at all times mentioned in this complaint, and do now, reside on the Subject Property.

10. Plaintiffs purchased the Subject Property in late 2004. Based upon a view of the public establishments around the Subject Property, the Subject Property is located next to a Walgreens store and a public bus stop. Cross the street lies West Portal Public Library Building and another public bus stop. The West Portal MUNI Train and Bus Station are on the other side of the street facing the Subject Property and is just one block away from the northeast aide of the Subject Property.

11. Plaintiffs' house is fenced. There are two driveways for the Subject Property and a 10-foot curb lies in between. Driveway A is close to the front door of the Subject Property. Driveway B is located to the right side of the Subject Property. The bus stop curb is just next to Driveway B and is outside of the Walgreens store. There is a "Tow-Away No Parking" sign in the middle of the 10-foot curb between the two driveways.

12. The street in front of the Subject Property of Plaintiffs is the only means by which Plaintiffs have ingress and egress to and from Plaintiffs' Subject Property through the said two driveways.

13. The entire curb along the Subject Property including the 10-foot curb between the two driveways was painted red, visible but nevertheless faded, since Plaintiffs took possession of the Subject Property. The red paint on the edge of the driveways was also faded. The Department of Parking and Traffic "Color Curb Program" provides, in pertinent part, that a "RED ZONE … is a 'No Parking' zone. Red Zones may be installed near intersection corners, at certain bus stops, fire hydrants, curb ramps, and most commonly, at the edges of driveways. Driveway red zones are intended to provide additional turning and clearance for vehicles

entering and exiting driveways. When driveway red zones are requested, consideration is also given to the preservation of adjacent parking spaces, in addition to driveway ingress and egress …. "

14. Shortly after Plaintiffs took possession of the Subject Property, Plaintiffs experienced continuous and complete blocking of one and/or two of the two driveways and the Tow-Away area of Subject Property by public and private vehicles such as buses, police cars, especially MUNI trains building-up and the dropping-off of passengers causing unreasonable, unnecessary and complete blocking of the ingress and egress to Plaintiffs' Subject Property. The drivers of MUNI trains, police cars and other drivers have illegally parked their vehicles blocking the said driveways interfering with Plaintiffs' rights to ingress and egress.

15. In an effort to alleviate and solve the parking violations Plaintiffs encountered which are continuous in nature, Plaintiffs wrote numerous letters since early 2005 informing the Department of Parking & Traffic of the need for enforcement of the color curb program to avoid constant and complete interference of the right to ingress and egress of Plaintiffs.

16. Plaintiffs have dutifully sought relief from the City and County of San Francisco of the violations of their rights but without success.

17. The Department of Parking & Traffic has created blockage of Plaintiffs' two driveways, which also caused Plaintiffs persistent, severe hardships and difficulties resulting in not just the time spent, but emotional distress suffered, as well as denial of their property rights.

18. As a direct and proximate result of the acts, omissions, policies, patterns, practices, and customs of Defendants as alleged herein, Plaintiffs suffered substantial economic

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

5

damages, emotional pain and suffering, acute anxiety, severe physical, mental and emotional distress all to their damage and detriment.

19. Plaintiff filed a claim against CCSF based on interference with property, denial of property rights and inverse condemnation on July 19, 2006. A subsequent revised claim was filed on August 8, 2006. Plaintiffs' claim was denied by CCSF and written notice of such rejection was given to Plaintiffs on or about August 17, 2006. The statutory period of six (6) months for the filing of a complaint on the claim and cause of action has not expired.

## VI. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF
(Violations of Fourteenth Amendment to
the U.S. Constitution, 42 U.S.C. §1983)

As a first claim for relief, standing alone and pled in the alternative, Plaintiffs reallege and incorporate paragraphs 1 through 19, above as though set out in full and allege the following against all Defendants, including DOES 1 through 25, and for a claim for relief state:

20. Defendants' conduct violated Plaintiffs' rights and interests to property without due process of law under the Fifth Amendment to the United States Constitution applicable to the states and their subdivisions through the Fourteenth Amendment of the Untied States Constitution. Defendants' conduct toward Plaintiffs also violated Plaintiffs' Fourteenth Amendment's ownership rights to private property.

21. These violations by Defendants are compensable pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth below.

//

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983);
CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

6

## B. SECOND CLAIM FOR RELIEF
### (California Constitution, Article 1, Section 19)

As a second claim for relief, standing alone and pled in the alternative, Plaintiffs reallege and incorporate paragraphs 1 through 21, above as though set out in full and allege the following against all Defendants, including DOES 1 through 25, and for a claim for relief state:

22. Defendants' conduct violated Plaintiffs' private property rights not to be taken or damaged without just compensation pursuant to Article 1, Section 19 of the California Constitution.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth below.

## C: THIRD CLAIM FOR RELIEF
### (INVERSE CONDEMNATION)

As a third claim for relief, standing alone and pled in the alternative, Plaintiffs reallege and incorporate paragraphs 1 through 22 as though set out in full and allege the following against all Defendants, including DOES 1 through 25, and for a claim for relief state:

23. Within the last two years, there has been continuous and complete blocking of entirely one and/or two of the two driveways of the Plaintiffs and the Tow-Away area of Subject Property by public and private vehicles such as buses, police cars, especially MUNI trains building-up and the dropping-off of passengers causing unreasonable and complete blocking, for the purpose of public use, of the ingress and egress to Plaintiffs' Subject Property. The drivers of MUNI trains, police cars and other drivers have parked their vehicles blocking the said driveways thereby denying, interfering with and injuring Plaintiffs' private

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

7

real property rights. As a result of the illegal interferences caused by Defendants, Plaintiffs no longer have free access from all parts of the premises to the only street in front of Plaintiffs' Subject Property in the way of ingress and egress.

24. At all times mentioned in this complaint, Defendants have been informed by Plaintiffs since early 2005 and have been aware of the continuous violations resulting in deprivation of Plaintiffs' private property rights. In addition, Defendants have been knowledgeable of the extent and severity of such on-going violations, but wholly failed, refused and/or neglected to act effectively to diminish or avoid the said violations or to enforce affirmatively, as Defendants' duty to act, the color curb program and the Tow-Away No Parking code.

25. Defendants declared their intention to continue to interfere with Plaintiffs' private real property rights and easements by their non-enforcement and/or neglect of Plaintiffs' numerous requests directly resulting in the persistent, severe and continuous blockage of Plaintiffs' two driveways and contributing to the blatant violations and disregard of the red zone, no parking or Tow-Away ordinance.

26. As a direct and proximate result of the acts, omissions, policies, patterns, practices, and customs of Defendants as alleged herein, Plaintiffs suffered persistent, severe hardships and difficulties arising from interference with their property rights, enormous time spent, substantial economic damages, emotional pain and suffering, acute anxiety, severe physical, mental and emotional distress all to their damage and detriment. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendants' actions or non-actions as described above have damaged Plaintiffs' property rights and easements in the amount of not less than $350,000.00 and have, as of the date of Plaintiffs' taking possession

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8

of the Subject Property, constituted a taking and damaging of Plaintiffs' real property rights entitling Plaintiffs to just compensation.

27. Plaintiffs have sought relief from the City and County of San Francisco of the violations of their rights but without success. On July 19, 2006, Plaintiffs duly filed a claim against Defendants based on interference with property, denial of property rights and inverse condemnation for the damage and taking described above. Plaintiffs' claim was denied by the City and County of San Francisco on August 16, 2006.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### D. FOURTH CLAIM FOR RELIEF
### (NUISANCE)

As a fourth claim for relief, standing alone and pled in the alternative, Plaintiffs reallege and incorporate paragraphs 1 through 27 as though set out in full and alleges the following against all Defendants, including DOES 1 through 25, and for a claim for relief state:

28. Defendants and their agents acted and/or wholly failed, refused and/or neglected to act effectively to diminish or avoid the said violations or to enforce affirmatively, as Defendants' duty to act, the color curb program and the Tow-Away No Parking code caused and contributed to the continuous and complete blocking of entirely one and/or two of the two driveways and the Tow-Away area of Subject Property thereby denying and so taking Plaintiffs' property rights.

29. As a result of Defendants' interferences, intentionally or negligently, they have damaged and deprived Plaintiffs' free access from all parts of the premises to the only street in front of Plaintiffs' Subject Property in the way of ingress and egress. Defendants' wrongful

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9

actions and failure of actions substantially and unreasonably interfered with and will continue to interfere with Plaintiffs' private use and enjoyment of their Subject Property that they actually possess, specifically the easements, appurtenant and in the nature of rights of way, which Plaintiffs are entitled to use in a reasonable way.

30. Defendants' wrongful and tortuous conducts constitute a nuisance, causing Plaintiffs' damages, attorneys' fees and costs, and all to their detriment and damage in sum in excess of $350,000.00 and the jurisdiction limits of this Court.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### E. FIFTH CLAIM FOR RELIEF
### (Negligence – Breach Of Standard Of Care)

As a fifth claim for relief, standing alone and pled in the alternative, Plaintiffs reallege and incorporate paragraphs 1 through 30 as though set out in full and alleges the following against all Defendants, including DOES 1 through 25, and for a claim for relief state:

31. At all times here mentioned, Defendants owed Plaintiff a legal duty to exercise reasonable care in their conduct and in their dealings with Plaintiffs. By performing Defendants' governmental function with regard to Plaintiffs, Defendants were required under the standard of care to prevent harm and not to harm Plaintiffs' rights and interests, specifically Plaintiffs' access to, use and enjoyment of their Subject Property, which Plaintiffs are entitled to use in a reasonable way.

32. Defendants and their agents, however, breached their duty and standard of care to Plaintiffs by acting and/or failing and neglecting to act effectively to diminish or avoid the said violations or to enforce affirmatively, as Defendants' duty to act, the color curb program and the Tow-Away No Parking code which caused and contributed to the continuous and

complete blocking of entirely one and/or two of the two driveways and the Tow-Away area of Subject Property depriving Plaintiffs of their property rights.

33. Defendants' negligence actually caused Plaintiff's damages since Plaintiff, would not have been damaged but for Defendants' negligence and for Defendants to act in accordance with the standard of care. Defendants' negligence proximately caused Plaintiffs' damages since such damages were foreseeable.

34. As a direct and proximate result of such negligent conduct of Defendants, Plaintiffs have been deprived of their property rights as they no longer have free access from all parts of the premises to the only street in front of Plaintiffs' Subject Property in the way of ingress and egress which caused Plaintiffs to sustain damages, attorneys' fees and cost, and all to their detriment and damage beyond $350,000.00 and the jurisdiction limits of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### F. SIXTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**

As a sixth claim for relief, standing alone and pled in the alternative, Plaintiffs reallege and incorporate paragraphs 1 through 34 as though set out in full and alleges the following against all Defendants, including DOES 1 through 25, and for a claim for relief state:

35. As set forth in this complaint, Defendants' conduct toward Plaintiffs and the manner in which they accomplished and carried out their conduct, was outrageous and beyond the boundary of social decency. Defendants' conduct was willful, deliberate and intended to cause Plaintiffs severe emotional distress or was done extremely recklessly and with conscious disregard of the probability of causing Plaintiffs severe emotional and physical distress.

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

11

36. Plaintiffs suffered severe emotional and physical distress as a proximate result of Defendants' outrageous conduct reacting to Defendants' conduct with humiliation, embarrassment anger, anxiety, loss of sleep, loss of appetite, disappointment, worry and physical manifestations of distress and discomfort, including pain, all of which are substantial and enduring, and all to his detriment and damage in amounts in excess of $350,000.00 and in excess of the jurisdiction limits of this court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## G. PRAYER FOR JUDGMENT

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For an award of just compensation for the taking of and damages, general, actual consequential and incidental, to Plaintiffs property in an amount of at least $350,000.00, and according to proof;

2. For an award of any special damages in an amount to be shown according to proof;

3. For damages for the nuisance alleged in Plaintiffs' Fourth Cause of Action according to proof;

4. For prejudgment interest to the extent provided and according to applicable provisions of California law;

5. For costs of this action;

6. For attorney's fees incurred in Plaintiffs' Third Cause of Action in inverse condemnation to the extent provided by law; and

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

12

7. For such other and further relief as may, to the Court, seem just, proper and appropriate to this action.

Dated: February 7, 2007                               Hanlin, Wang, Kostmayer & Associates


                                                      By: _____
                                                          John G. Hanlin, Esq.
                                                          Attorneys For Plaintiffs

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

13

## DEMAND FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6 of the United States District Court for the Northern District of California, Plaintiff hereby demands a trial by jury of all issues properly triable by jury.

Dated: February 7, 2007                                 Hanlin, Wang, Kostmayer & Associates


By: _____
  John G. Hanlin, Esq.
  Attorneys For Plaintiffs

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. §1983); CALIFORNIA CONSTITUION (Article 1, Section 19); INVERSE CONDEMNATION; NUISANCE; NEGLIGENCE; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

14